# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PENELOPE LINNER, )<br>)<br>Plaintiff, )<br>)<br>and )<br>)<br>DONALD L. FOSTER, )<br>)<br>Intervenor Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO HOME )<br>MORTGAGE, INC., )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>FRANKLIN FINANCIAL and )<br>FRANK CANARECCI, )<br>)<br>Intervenor Defendants. ) | CAUSE NO.: 3:08-CV-558-TS |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [DE 17], filed by Defendant Wells Fargo Home Mortgage ("Wells Fargo") on March 26, 2009; and on a Motion to File Supplemental Complaint and Second Amended Complaint for Declaratory Judgment and Other Appropriate Relief with Jury Demand [DE 23], filed by Plaintiff Penelope Linner on July 16.

## PROCEDURAL BACKGROUND

On December 2, 2008, the Plaintiff filed her Complaint for Declaratory Judgment and Other Appropriate Relief with Jury Demand [DE 1]. On February 2, 2009, Wells Fargo filed a Motion to Dismiss [DE 9], as well as a Brief in Support [DE 11]. On March 16, the Plaintiff filed

a Memorandum of Law in Opposition [DE 14], as well as a First Amended Complaint for Declaratory Judgment and Other Appropriate Relief with Jury Demand [DE 15], which rendered moot Wells Fargo's Motion to Dismiss.

The Amended Complaint premises this Court's subject-matter jurisdiction on 28 U.S.C. §§ 1331 and 1332 and asserts that the Plaintiff has a right to pursue this federal litigation concurrently with litigation pending in the St. Joseph County Superior Court, Indiana. The Amended Complaint names two Defendants: Wells Fargo and Frank Canarecci, Sheriff of St. Joseph County. The Plaintiff alleges that she is residing in a mortgaged property at a particular address on Heatherfield Drive in South Bend, Indiana. The Amended Complaint alleges that "Wells Fargo obtained a foreclosure judgment in St. Joseph, [Indiana] Superior Court and has proceeded with post-judgment actions pertaining to the property." (Am. Compl. ¶ 9.) It also alleges:

> Wells Fargo has sought and obtained the assistance and services of the office of Sheriff Canarecci to enforce its foreclosure judgment against Ms. Linner. In doing so, Wells Fargo and Sheriff Canarecci have exerted state power in a form that denies Ms. Linner's right as protected by the due process and equal protection clauses of the Fourteenth Amendment and of federal and state law set forth as causes of action.

(Am. Compl. ¶ 18.) Following these allegations, the Amended Complaint claims that the Defendants acted in tandem to violate the Plaintiff's legal rights, acted against the Plaintiff after the foreclosure judgment was entered, and acted against the Plaintiff after her counsel gave written notice of the violation of her rights. (Am. Compl. ¶ 18.)

The Amended Complaint purports to state five separate claims. First, it asserts a claim under 42 U.S.C. § 1983 that "Wells Fargo, a person acting under color of state law, has violated [the Plaintiff's] rights as guaranteed by the Fourteenth Amendment to the Constitution of the

United States" by "pursuing legal proceedings in St. Joseph County Superior Court." (Am. Compl. ¶ 19.) Second, it claims that "there is a dispute between the parties as to their respective rights, obligations, and liabilities concerning the property, the mortgage, and associated note." (Am. Compl. ¶ 20.) Third, it asks the Court for the following:

> determine her rights under, individually and collectively, but not limited to, the Real Estate Procedures Act (RESPA), 12 U.S.C. secs. 2601 et seq.; the Home Ownership and Equity Protection Act (HOEPA)[,] 15 U.S.C. sec. 1639; the Equal Credit Opportunity Act, 15 U.S.C. secs. 1691 et seq.; the Federal Debt Collection Practices Act, 15 U.S.C. sec. 1692; and the Fair Housing Act, 42 U.S.C. secs. 3601 []et seq.

(Am. Compl. ¶ 21.) Fourth, it asks the Court to "determine her rights under Public Law 110-343, enacted October 3, 2008 as the Emergency Economic Stabilization Act of 2008." (Am. Compl. ¶ 22.) Fifth, it claims the Court has "supplemental jurisdiction" to "determine her rights, obligations and liabilities under the law of the State of Indiana, in the following respects: Article I, secs. 12 and 23 of the Constitution of Indiana and the issues set forth in the Second Claim concerning the mortgage, and associated note under Indiana statutory and common law." (Am. Compl. ¶ 23.)

On March 26, Wells Fargo filed a Motion to Dismiss [DE 17] the Plaintiff's First Amended Complaint, as well as a Memorandum in Support [DE 18], and on April 30, the Plaintiff filed a Memorandum of Law in Opposition [DE 21]. The Defendant did not file a reply. Two and a half months later, on July 16, the Plaintiff sought leave in a Motion to File [DE 23] to amend her pleading again, and on July 24, the Defendant filed a Response [DE 26] to her Motion. The Plaintiff did not file a reply.

DISCUSSION

A.     **Wells Fargo's Motion to Dismiss**

Wells Fargo asks the Court to dismiss the Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Both the Plaintiff and the Defendant refer to arguments and discussion presented at greater length in their submissions relative to the Defendant's first Motion to Dismiss, and the Court has reviewed those materials. The Court will address, in turn, each ground for the Defendant's Motion to Dismiss, beginning with subject-matter jurisdiction.

Citing the *Rooker-Feldman* doctrine, the Defendant argues that this Court lacks subject-matter jurisdiction over the Plaintiff's claims because they represent "a collateral attack on a [state court] foreclosure judgment." (Def.'s Mem. in Support 1.) It also argues that the Plaintiff, "in order to prevent a 'naked' review of the foreclosure judgment, . . . cloaked her complaint with ancillary causes of action." (Def.'s Mem. in Support 1.) The Plaintiff responds that her claims arose after the state court judgment and are supplemental to events that occurred after the state court judgment.

The *Rooker-Feldman* doctrine, articulated by the Supreme Court in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), is a jurisdictional rule directing that only the Supreme Court of the United States may review the judgment of a state court in civil litigation. *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 569 F.3d 667, 670 (7th Cir. 2009). The doctrine holds that federal district courts lack jurisdiction over lawsuits "'brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments.'" *Lance v. Dennis,* 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)); *see also Freedom Mortg. Corp.*, 569 F.3d at 671; *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008). Thus, the doctrine "'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.'" *Taylor v. Fed. Nat'l Mortg. Ass'n,* 374 F.3d 529, 532 (7th Cir. 2004) (quoting *Brokaw v. Weaver,* 305 F.3d 660, 664 (7th Cir. 2002)). As another judge in this district has noted, state eviction and foreclosure proceedings have frequently been held to trigger the *Rooker-Feldman* doctrine, even when federal constitutional claims are subsequently raised in federal court. *Fincher v. South Bend Hous. Auth.*, 612 F. Supp. 2d 1009, 1016 (N.D. Ind. 2009) (citing *Beth-El All Nations Church v. City of Chi.,* 486 F.3d 286, 292 (7th Cir. 2007); *Holt v. Lake County Bd. of Comm'rs,* 408 F.3d 335, 336 (7th Cir. 2005); *Chambers v. Habitat Co.,* 68 Fed. Appx. 711, 713–14 (7th Cir. 2003); *Clabault v. Shodeen Mgmt.,* 2006 WL 1371460, at *2 (N.D. Ill. May 15, 2006); *Flowers v. Burton Wells, Ltd.,* 2002 WL 31307421, at *3 (N.D. Ill. Oct. 9, 2002)).

There appears to be no dispute that the St. Joseph County Superior Court entered a foreclosure judgment as to the Heatherfield Drive property in South Bend, Indiana,[1] and that this foreclosure judgment renders the Plaintiff (in *Rooker-Feldman* doctrine parlance) the "loser" and the Defendant the "winner." From the Court's review of the Amended Complaint, it appears that

---

[1] As noted above, the Amended Complaint itself alleges the fact of the foreclosure judgment.

the Plaintiff is asking the Court to review and set aside the foreclosure judgment. In other words, some of her federal-court claims seek to attack the Indiana foreclosure judgment. For instance, Count 1 alleges that Wells Fargo violated her rights by pursing legal proceedings in St. Joseph County Superior Court, and Count 2 asserts that there is a dispute regarding the parties' rights, obligations, and liabilities concerning the property, the mortgage, and the associated note. Additionally, Count 5 requests that the Court determine the Plaintiff's rights, obligations, and liabilities under the Indiana Constitution and the issues set forth in Count 2 concerning the mortgage and the associated note under Indiana statutory and common law.² These claims are precluded by the *Rooker-Feldman* doctrine. *See Taylor,* 374 F.3d at 532–33. Additionally, the Plaintiff cannot circumvent the doctrine simply by recasting her claims as violations of federal law, such as she does in Count 3 with a laundry list of federal statutory titles and citation and in Count 4 in a reference to Public Law 110-343 (a division of which is known as the Emergency Economic Stabilization Act of 2008). *See Johnson v. Orr,* 551 F.3d 564, 568, 570 (7th Cir. 2008) (stating that a "'litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action'") (quoting *Holt,* 408 F.3d at 336). The Plaintiff, by attacking her litigation adversary's conduct in bringing the state-court proceedings and its conduct during the state-court proceedings, also attacks (at least indirectly) the state court's foreclosure judgment, and the

---

² In Count 5, the Amended Complaint refers generally to the Court's supplemental jurisdiction. However, the "Statement as to Jurisdiction" section of the Amended Complaint does not reference 28 U.S.C. § 1367. In the "Statement as to Jurisdiction" section, the Amended Complaint does reference 28 U.S.C. §§ 1331 and 1332. If Count 5 is intended to state an Indiana constitutional claim related to the underlying state court foreclosure action and to ask the Court to review or set aside the foreclosure judgment, then the relationship between the claim stated in Count 5 and the other claims in other Counts is apparent so as to form part of the same case or controversy, but that relationship makes the *Rooker-Feldman* doctrine applicable to Count 5.

*Rooker-Feldman* doctrine likewise prohibits this Court from addressing such claims. *See Kelley*, 548 F.3d at 604–05 (discussing *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 556–58 (7th Cir. 1999) (holding that a federal plaintiff cannot circumvent the *Rooker-Feldman* doctrine by alleging that misconduct of the state-court opponents caused the adverse judgment in state court)); *see also Feldman,* 460 U.S. at 486 (the *Rooker-Feldman* doctrine still deprives lower federal courts of jurisdiction if the claims made in federal court are "inextricably intertwined" with the state court judgment); *Brokaw,* 305 F.3d at 664. Therefore, to the extent that the Amended Complaint asks the Court to review and set aside the state foreclosure judgment, the Court will grant Wells Fargo's Motion to Dismiss for lack of subject-matter jurisdiction.

However, the Plaintiff in her Amended Complaint may be seeking to state independent federal claims that the *Rooker-Feldman* doctrine would not preclude and over which the Court would potentially have subject-matter jurisdiction, but the Amended Complaint is vague and lacks clarity as to what these claims might be. This brings into view the aspect of Wells Fargo's Motion to Dismiss asking the Court to dismiss the Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

To state a claim under the federal notice pleading standards, all that a complaint must do is set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." Fed. R. Civ. P. 8(a). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (other citation omitted). However, complaints must provide more than

labels and conclusions, formulaic recitations of the elements of causes of action, and facts that do not raise a right to relief above the speculative level. *Bell Atl. Corp.*, 550 U.S. at 555. Thus, a plaintiff's allegations must show that his or her entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). When ruling on Rule 12(b)(6) motions to dismiss, courts accept as true all well-pleaded allegations, view complaints in the light most favorable to the plaintiffs, and draw all reasonable inferences in their favor. *Id.* at 1081.

The facts alleged by the Plaintiff are "so sketchy" that her Amended Complaint fails to give the Defendant fair notice of what her claims are and the grounds upon which they rest. *See Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007). The Amended Complaint appears to allege both pre-foreclosure and post-foreclosure facts, but time frames are not provided. It alleges that Wells Fargo pursued foreclosure and post-foreclosure actions, but it does not allege what it is about the Defendant's use of the state legal processes that allegedly violated her rights. It also asserts that Wells Fargo sought and obtained the assistance and services of the Sheriff of St. Joseph County, that Wells Fargo and the Sheriff acted in tandem, and that they engaged in action after the foreclosure judgment was entered, but these bald assertions are lacking in content and development and do not show how these actions allegedly violated her rights. In Count 1, the Plaintiff alleges violation of her rights as guaranteed by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, but the Amended Complaint is not clear about which rights she claims were violated or the basis for Wells Fargo being treated as a state actor. In Count 2, the Amended Complaint states that there is a dispute regarding rights, obligations, and liabilities concerning the property, the mortgage,

8

and the associated note, but it does not identify a specific legal claim at issue in that dispute. In Counts 3 and 4, the Plaintiff lists several federal statutes and asks for a determination of her rights under them, but she has not shown an individual right of action under these statutes. In Count 5, the Amended Complaint references two provisions of the Indiana Constitution, Indiana statutory law, and Indiana common law and asks for a determination of her rights, obligations, and liabilities, but Count 5 is stated in general terms and does not identify any aspects of the Indiana law she cites that provide a basis for relief. In other words, the Amended Complaint does not clearly allege an injury other than the foreclosure judgment, the facts alleged do not raise a right to relief above the speculative level, and the Amended Complaint (especially as to those potentially independent claims that this Court may not be precluded by the *Rooker-Feldman* doctrine from reviewing) does little more than provide labels and conclusions. Accordingly, the Court will also grant Wells Fargo's Motion to Dismiss because the Amended Complaint fails to state a claim upon which relief can be granted.

**B. Penelope Linner's Motion to File Supplemental Complaint and Second Amended Complaint for Declaratory Judgment and Other Appropriate Relief with Jury Demand**

The Plaintiff's Motion to File is thin in providing justification for leave to file a Second Amended Complaint, although the Plaintiff's filing of this Motion and the changes proposed as part of the Second Amended Complaint implicitly acknowledge some of the manifest deficiencies of the Plaintiff's Amended Complaint. In its Response, Wells Fargo asks the Court to deny the Plaintiff's request until after the Court has made a ruling on its pending Motion to Dismiss. The Plaintiff did not file a reply brief.

The Court agrees with Wells Fargo that the Plaintiff's Motion to File should be denied. Although the Plaintiff's proposed Second Amended Complaint adds some additional facts, it continues to suffer from the same deficiencies that have required the Court to grant the Defendant's Motion to Dismiss. *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (instructing that an amendment is futile when it merely restates the same facts using different language or reasserts a claim previously determined, or when it fails to state a valid theory of liability or could not withstand a motion to dismiss). The Plaintiff also clutters her proposed Second Amended Complaint with quotations of articles, treatises, and cases that compound the confusion regarding the claims the Plaintiff is attempting to seek in this action before a federal court that has limited subject-matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Wells Fargo's Motion to Dismiss [DE 17]. The Court DISMISSES the Plaintiff's Amended Complaint [DE15] WITH

PREJUDICE as to the Plaintiff's claims contesting the underlying state foreclosure judgment, but WITHOUT PREJUDICE as to independent claims the *Rooker-Feldman* doctrine would not preclude (e.g., claims that would not contest the state foreclosure judgment). The Court DENIES the Plaintiff's Motion to File Supplemental Complaint and Second Amended Complaint for Declaratory Judgment and Other Appropriate Relief with Jury Demand [DE 23].

SO ORDERED on August 20, 2009.

                                        s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION